```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

WILLIAM MACHESKI, M.D.           *

      Plaintiff,              *

vs.                              *       CASE NO. 4:06-CV-85 (CDL)

MICHAEL O. LEAVITT, in his       *
official capacity as Secretary
of Health and Human Services,    *

      Defendant.              *

## O R D E R

Contending that Plaintiff has failed to exhaust his administrative remedies, Defendant, the Secretary of the Department of Health and Human Services, seeks dismissal of this case based upon lack of subject matter jurisdiction (Doc. 5). Because Plaintiff has exhausted his administrative remedies according to binding precedent in this Circuit, the Secretary's motion is denied.

## BACKGROUND

This action arises from the denial of Plaintiff's request for reimbursement for services provided to Medicare-eligible patients pursuant to the Social Security Act. After Plaintiff's claim was initially denied, Plaintiff failed to appeal that denial administratively within the time provided by law. The Administrative Law Judge ("ALJ") consequently dismissed Plaintiff's request for an administrative hearing (appeal) as untimely. Plaintiff then appealed that decision to the Medicare Appeals Council of the Department of Health and Human Services Departmental Appeals Board ("DAB") which denied Plaintiff's request for review. Plaintiff now seeks judicial review of the DAB decision denying his request for review.

Although Plaintiff has no other available avenue for administrative review and the decision denying his request for review is final, the Secretary contends that this decision is not reviewable because neither the ALJ nor the DAB held a "hearing" in conjunction with their decisions to dismiss and deny review. The Secretary relies upon 42 U.S.C. § 405(g), which provides that an individual may request judicial review "after any final decision of the [Secretary][1] *made after a hearing* to which he was a party." 42 U.S.C. § 405(g) (emphasis added). The Court finds that binding Eleventh Circuit precedent does not support the Secretary's position. Therefore, the Secretary's argument cannot be accepted by this Court.

The record establishes the following: In 2004, Plaintiff, a doctor in Columbus, Georgia, was denied reimbursement of Medicare benefits for services provided to multiple patients. Plaintiff requested reconsideration of this decision through a hearing officer. The hearing officer upheld the denial of benefits on April 11, 2005. In his decision, the hearing officer explained that Plaintiff was entitled to an appeal in the form of a hearing before an ALJ if the Plaintiff filed a request for a hearing within sixty days of the receipt of the hearing officer's decision.

On August 1, 2005, over one hundred days after the hearing officer's decision, Plaintiff filed a request for a hearing before an ALJ along with a request to extend the sixty day filing deadline for good cause. Finding no good cause for the untimely request for a hearing, the ALJ dismissed Plaintiff's request without a hearing on February 13, 2006. On April 17, 2006, Plaintiff timely requested a

---

[1] The "Secretary" refers to the Secretary of the Department of Health and Human Services. 42 U.S.C. § 1395ff(b)(1)(A).

2

review of the ALJ's dismissal with the DAB. The DAB subsequently denied Plaintiff's request for review on May 16, 2006.

Plaintiff filed this action on July 19, 2006, seeking judicial review of the DAB denial of his request for review. On January 22, 2007, the Secretary filed his Motion to Dismiss for lack of subject matter jurisdiction under Federal Rules of Civil Procedure Rule 12(b)(1).

DISCUSSION

**I. Motion to Dismiss Standard**

The Secretary moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1). "Jurisdictional challenges . . . can be decided without reference to the merits of the underlying claim and lie within the exclusive province of the trial court." *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25 (11th Cir. 2003). In a facial attack on subject matter jurisdiction, such as here, "the court [is] merely [required] to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citations and quotation marks omitted).

**II. Administrative Process Under the Social Security Act**

Plaintiff has requested Medicare benefits pursuant to Title XVII of the Social Security Act. 42 U.S.C. § 1395, *et seq*. Under the Act, a person must first file a claim for benefits. 42 U.S.C. § 1395ff(a); 20 C.F.R. § 404.900(a)(1). The insurance carrier then

makes an initial determination on an individual's request.[2]  If a beneficiary is dissatisfied with the initial determination, he may ask for reconsideration.  42 U.S.C. § 1395ff(b)(1)(A); 42 C.F.R. §§ 404.907, 405.801(a).  Following carrier reconsideration, the beneficiary then has the right to appeal that decision to a hearing officer if the amount in controversy exceeds $100.  *Id.*

After the hearing officer considers the petition for benefits, the beneficiary has sixty days to request a hearing before an ALJ.  20 C.F.R. § 404.933(b)(1); *see also* 42 C.F.R. § 405.801(a); 20 C.F.R. §§ 404.900(a)(3), 404.907, 404.929.  The ALJ may dismiss a beneficiary's request for a hearing or conduct a hearing and issue a decision based on evidence submitted during the hearing.  20 C.F.R. §§ 404.929, 404.953(a), 404.957.  Specifically, the ALJ may dismiss a request for a hearing if the beneficiary "did not request a hearing within the stated time period and [the ALJ does] not extend[] the time for requesting a hearing . . . ."  20 C.F.R. § 404.957(c)(3).  The ALJ will extend the time for requesting a hearing if the beneficiary requests an extension and shows that he had "good cause for missing the [sixty day] deadline."  20 C.F.R. § 404.933(c); *see also* 20 C.F.R. § 404.911 (defining "good cause").[3]  If the ALJ finds

---

[2] The Secretary enters into contracts with private insurance carriers to administer benefits under Medicare.  42 U.S.C. § 1395u.  These carriers make the initial decision as to whether certain services are covered under Medicare.

[3] In making a determination on good cause, the ALJ considers:
(1)  What circumstances kept [the beneficiary] from making the request on time;
(2)  Whether our action misled [the beneficiary];
(3)  Whether [the beneficiary] did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
(4)  Whether [the beneficiary] had any physical, mental,

4

no good cause for the delay and dismisses the request for a hearing, that dismissal is binding on the beneficiary "unless it is vacated by an [ALJ] or the [DAB]." 20 C.F.R. § 404.959.

If dissatisfied with the ALJ decision or dismissal, the beneficiary may request DAB review. 20 C.F.R. §§ 404.900(4), 404.967. The DAB "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an [ALJ]." 20 C.F.R. § 404.967. If the DAB dismisses a request for DAB review, that decision is "binding and is not subject to further review." 20 C.F.R. § 404.972. If, however, the DAB denies the request for review or grants review, the DAB's decision is binding unless the beneficiary "file[s] an action in Federal district court within 60 days . . . ." 20 C.F.R. § 404.981. Thus, once a beneficiary fully exhausts his administrative remedies as described above, he may file a civil action in a district court. 20 C.F.R. § 404.900(6).

The requirement that a beneficiary exhaust his administrative remedies is codified in the Social Security Act at 42 U.S.C. §§ 405(g)-(h). *See also Califano v. Sanders*, 430 U.S. 99, 104 (1977) (explaining that § 405(h) "has been held to require the exhaustion of available administrative procedures, to foreclose jurisdiction under the general grant of federal-question jurisdiction, 28 U.S.C. § 1331,

---

> educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. § 404.911(a).

5

and to route review through [§ 405(g)]"). Under § 405(g), an individual may request judicial review "after any final decision of the [Secretary] made after a hearing to which he was a party." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1395ff(b)(1)(A). "This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Sanders*, 430 U.S. at 986. In other words, "the finality required for judicial review is achieved only after the further steps of a hearing before an administrative law judge and, possibly, consideration by the [DAB]." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). This requirement is "a statutorily specified jurisdictional prerequisite[,]" and, as such, it is "something more than simply a codification of the judicially developed doctrine of exhaustion[] and may not be dispensed with merely by a judicial conclusion of futility." *Id.* at 766.

### III. Jurisdiction

The Secretary argues that this Court lacks subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies in that he has not received a final decision *made after a hearing*. Plaintiff responds that, pursuant to the Eleventh Circuit case *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983), a hearing "is not required to confer subject matter jurisdiction when the Secretary's decision is to *dismiss a request for a hearing*." (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss 6.) Although the Secretary makes a persuasive argument bolstered by holdings from several circuit courts, the Secretary does not have the support of the only circuit that counts in this case—the Eleventh Circuit.

6

In *Bloodsworth*, the claimant requested disability benefits, but his applications were denied initially and on reconsideration. *Bloodsworth*, 703 F.2d at 1235. The ALJ granted the claimant a hearing and denied his claim for benefits. *Id.* The claimant then submitted a late appeal to the Appeals Council (equivalent to the DAB). *Id.* The Appeals Council dismissed the claimant's request for review as untimely. *Id.* Claimant then filed a complaint in the district court, which found jurisdiction and remanded the case to the Appeals Council for consideration. On remand, the Appeals Council restated that the claimant's appeal was untimely, but considered the appeal on the merits and denied the claimant's request for review. *Id.* The district court then affirmed the Appeal Council's decision.

On appeal to the Eleventh Circuit, the Secretary argued, as he does here, that the district court lacked jurisdiction under §§ 405(g) and (h) because the claimant failed to meet the "final decision" and "made after a hearing" requirements. *Id.* at 1236. The Eleventh Circuit rejected the Secretary's argument based upon *Langford v. Flemming*, 276 F.2d 215 (5th Cir. 1960)[4], wherein the court found that an "administrative decision declining to extend time and review the merits . . . certainly is 'final' . . ., and allowed review of an Appeals Council decision to dismiss for untimeliness without good cause." *Bloodsworth*, 703 F.2d at 1236 (citation omitted). The Eleventh Circuit further explained that "the Appeals Council decision not to review *finalizes* the decision made after a

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

7

hearing by the administrative law judge, fulfilling the statutory requirements of section 405(g)." *Id.* at 1239 (emphasis in original).

The Court conceivably could strain to distinguish *Bloodsworth* by pointing out that there the Eleventh Circuit addressed only the finality language of section 405(g) and not the hearing requirement. Unlike in *Bloodsworth*, here the Plaintiff never received a hearing before an ALJ. Thus, the Secretary argues that the DAB's decision to deny review does not "finalize[] the decision made after a hearing by the [ALJ]" because there was no hearing. *Bloodsworth*, 703 F.2d at 1239 (emphasis omitted).

The Court is convinced that it cannot faithfully apply *Bloodsworth* and reach the conclusion urged by the Secretary. To do so would require the Court to adopt a position that the Eleventh Circuit says makes "linguistic but not legal sense." *Bloodsworth*, 703 F.2d at 1239. The adoption of the Secretary's argument would also leave Plaintiff with no recourse whatsoever. He cannot seek further administrative review because he has exhausted all of his administrative remedies, and yet under the Secretary's argument he is foreclosed from judicial review because he *has not* exhausted his administrative remedies. Leaving Plaintiff "permanently in limbo" under these circumstances was rejected in *Bloodsworth*. *Id.*

The Court recognizes that *Bloodsworth* has not been universally accepted. In fact, its precedential foundation, *Langford v. Flemming*, has been repudiated by the very circuit from which it originated. *See Harper v. Bowen*, 813 F.2d 737, 742-43 (5th Cir. 1987) (recognizing the implicit overruling of *Langford* and listing the Eighth, Tenth, Third, Second, Seventh, and Ninth Circuits as

8

disagreeing with *Bloodsworth*).[5] While it is tempting to join the funeral march ushering in the final demise of *Langford* and *Bloodsworth,* this Court is powerless to remove them from this Circuit's body of binding precedent. Their death must be at the hands of the Eleventh Circuit *en banc,* not a single district judge. See *United States v. Greer,* 440 F.3d 1267, 1275 (11th Cir. 2006) (citing *Hohn v. United States*, 524 U.S. 236, 252-53 (1998)("Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality.")).

Based on *Bloodsworth*, the Court finds that Plaintiff has exhausted his administrative remedies regarding the ALJ dismissal of his request for an administrative hearing. Accordingly, the Court has subject matter jurisdiction to hear Plaintiff's appeal of the DAB's decision to deny his request for review. Additionally, the Court certifies that if this ruling is not appealable as a matter of right to the Court of Appeals that it qualifies for immediate review. The Court's ruling is one with which reasonable minds could differ, and a contrary ruling by the Court of Appeals would be dispositive of this case. Furthermore, it appears that the Court of Appeals could clarify its holding in *Bloodsworth* by directly deciding whether it

---

[5]The evolution of *Langford* has resulted in its circuit of birth rejecting it while its circuit of adoption embraces it. *Langford* was decided by the Fifth Circuit prior to the formation of the Eleventh Circuit. With the formation of the Eleventh Circuit, *Langford* became the law of the Eleventh Circuit under *Bonner* as of September 30, 1981, and remained the law of the Fifth Circuit as of that date. When the Eleventh Circuit decided *Bloodsworth* in 1983, *Langford* was still good law in the Eleventh Circuit and presumably still valid in the Fifth Circuit. Then, in 1987, the Fifth Circuit decided *Harper* in which it rejected *Langford.* Therefore, today *Langford* has no precedential value in the Fifth Circuit but is binding precedent in the Eleventh Circuit.

9

should remain the law of this circuit, and if it should, the precise parameters of its reach.

CONCLUSION

Since the Court has subject matter jurisdiction over Plaintiff's claims, the Secretary's Motion to Dismiss (Doc. 5) is denied. The Court refers this matter to Magistrate Judge Mallon Faircloth pursuant to Local Rule 72.1(4) for a Report and Recommendation on the merits of Plaintiff's claim that the ALJ erred in finding that there is no good cause for the untimely request for an administrative hearing.

IT IS SO ORDERED, this 13th day of September, 2007.

                                      S/Clay D. Land
                                         CLAY D. LAND
                            UNITED STATES DISTRICT JUDGE